IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:13-CR-0015-RWS-JCF |
| LARRY MCDANIEL, HOWARD | : | |
| BROWN, and SEAN KING | : | |

## ORDER and FINAL REPORT AND RECOMMENDATION

This case is before the Court on the motions to dismiss the Indictment filed by Defendants Sean King (Doc. 18), Larry McDaniel (Doc. 21), and Howard Brown (Doc. 30), and Defendant King's objection to the Court's June 28, 2013 briefing schedule, construed as a motion for reconsideration (Doc. 31). Defendant King's motion for reconsideration is **DENIED**. Because an investigation by the Federal Bureau of Investigation ("FBI") is not an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2), it is **RECOMMENDED** that Defendants' motions to dismiss Count Two be **GRANTED** and that their motions to dismiss Count One be **GRANTED in part**. For the reasons discussed below, it is further **RECOMMENDED** that Defendants' motions to dismiss Count Three alleging obstruction of a federal grand jury investigation be **DENIED**, and their motions to dismiss Count One be **DENIED in part**.

## Procedural History

Count One of an Indictment filed September 4, 2012 in *United States v. McDaniel, et al.*, 2:12-CR-28-RWS-JCF ("*McDaniel* I") charged Defendants McDaniel, Brown, and King with obstructing and impeding "the due and proper administration of the law under which a proceeding was pending before the Federal Bureau of Investigation, an agency of the United States," by influencing, obstructing, and impeding, and attempting to influence, obstruct, and impede, "an investigation being conducted by Special Agents of the Federal Bureau of Investigation in which D.B.S. was acting as a confidential informant," in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 2 (aiding and abetting statute).  (Doc. 39 in *McDaniel* I).  The Court granted Defendants' motions to dismiss that charge, on the grounds that an FBI investigation is not a "pending proceeding" under 18 U.S.C. § 1505.  (*See* Docs. 110, 133 in *McDaniel* I).[1]  In an Indictment filed on April 24, 2013 in this case (Doc. 1), Defendants are charged in Count One as follows:

> 1.    Beginning in or about June 2012, and continuing until on or about August 16, 2012, in the Northern District of Georgia, the defendants, LARRY MCDANIEL, a/k/a "Larry Mack," HOWARD BROWN, and SEAN KING, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other, to commit offenses against the United States, that is, (1) to violate Title 18, United States Code, Section 1512(c)(2), in that

---

[1] The Indictment in *McDaniel* I also charged Defendant McDaniel with possession of a firearm by a convicted felon, and that Count remains pending.

the defendants would corruptedly [sic] obstruct, influence, and impede an official proceeding, to wit: an investigation being conducted by the Federal Bureau of Investigation (FBI) in which D.B.S. was acting as an undercover informant for the FBI and Michael Griffin, a/k/a "Griff," a law enforcement officer, was acting in an undercover capacity, and (2) to violate Title 18, United States Code, Section 1512(c)(2), in that the defendants would corruptedly [sic] obstruct, influence, and impede an official proceeding, to wit: a federal grand jury investigation into criminal offenses investigated by the FBI, said FBI investigation involving D.B.S. acting as an undercover informant and Michael Griffin, a/k/a "Griff," a law enforcement officer, acting in an undercover capacity.

2.      In furtherance of the conspiracy, and to effect the objects and purposes thereof, one or more of the following overt acts were committed:

(a)      In about June 2012, an unknown co-conspirator advised defendant LARRY MCDANIEL that D.B.S., a member of the Cleveland Chapter of the Black Pistons Motorcycle Club was a "fed" or federal agent.

(b)      On or about July 19, 2012, defendant McDaniel directed Defendants BROWN and KING, and others not named as defendants herein, to travel to the Black Pistons Motorcycle Club clubhouse in Cleveland, Georgia.

(c)      On or about July 19, 2012, defendant McDaniel directed defendants BROWN and KING, and others not named as defendants herein, to "shutdown" the clubhouse and collect all Black Pistons and Outlaw Motorcycle Club vests, known as "cuts," patches, belts, rings, t-shirts, and other paraphernalia identified with the Black Pistons and Outlaw Motorcycle Clubs from those present at the clubhouse.

(d)      On or about July 19, 2012, defendants BROWN and KING, and others not named as defendants traveled to the Black Pistons Motorcycle Club clubhouse in Cleveland, Georgia.

(e)      On or about July 19, 2012, defendants BROWN and KING, and others not named as defendants herein, closed the Black Pistons clubhouse and collected all Black Pistons and Outlaw Motorcycle Club vests, known as "cuts," patches, belts, rings, t-shirts, and other paraphernalia identified with the Black Pistons and Outlaw Motorcycle Clubs.

All in violation of Title 18, United States Code, Section 371.

3

(Doc. 1).

Count Two charges Defendants with violating 18 U.S.C. § 1512(c)(2) on or about July 19, 2012 by "corruptedly [sic] obstruct[ing], influenc[ing], and imped[ing], and [ ] attempt[ing] to corruptedly [sic] obstruct, influence, and impede, an official proceeding, to wit: an investigation being conducted by the [FBI] in which D.B.S. was acting as an undercover informant for the FBI and Michael Griffin, a/k/a "Griff," a law enforcement officer, was acting in an undercover capacity." (*Id.*). Count Three charges Defendants with violating 18 U.S.C. § 1512(c)(2) on or about July 19, 2012 by "corruptedly [sic] obstruct[ing], influenc[ing], and imped[ing], and [ ] attempt[ing] to corruptedly [sic] obstruct, influence, and impede, an official proceeding, to wit: a federal grand jury investigation into criminal offenses investigated by the FBI, said FBI investigation involving D.B.S. acting as an undercover informant and Michael Griffin, a/k/a "Griff," a law enforcement officer, acting in an undercover capacity." (*Id.*).

On May 31, 2013, Defendant King filed a motion to dismiss the indictment. (Doc. 18). Defendant McDaniel adopted that motion (Doc. 21) and also filed a supplemental brief in support (Doc. 20). On June 10, 2013, the Court entered an Order canceling a pretrial conference scheduled for June 18, 2013, and directing the Government to file a response to Defendants' motions to dismiss within 14 days of the date of entry of that Order. (*See* Doc. 22). On June 14, 2013,

4

Defendant Brown appeared for his initial appearance and arraignment (*see* Doc. 23), and then on June 28, 2013, he adopted Defendant King's motion to dismiss (Doc. 30) and also filed a supplemental brief in support of his motion (Doc. 28). By Order signed on June 28, 2013 and entered July 1, 2013 (Doc. 29), the Court canceled Defendant Brown's pretrial conference scheduled for July 1, 2013 and directed the Government to file a response to Defendants' pending motions to dismiss within 21 days of the date of entry of that Order and gave Defendants 14 days thereafter to file a reply.

Defendant King then filed objections to the Court's briefing schedule set forth in the June 28, 2013 Order, construed as a motion for reconsideration of that Order. (Doc. 31). Defendant King points out that, pursuant to the Court's June 10, 2013 Order (Doc. 22), the Government's responses to his and McDaniel's motions to dismiss were due no later than June 24, 2013, but the Government failed to file its response by that date, or seek an extension of time to do so. (*Id.* at 2). Defendant objects to the fact that he "was not given any notice or the opportunity to be heard on whether he objected to an additional extension for the Government, after the original deadline had passed." (*Id.* at 4).

The Government filed a response to Defendants' motion to dismiss on July 22, 2013 (Doc. 33), and a response to Defendant King's motion for reconsideration (Doc. 35). Defendant King filed a reply in support of his motion to dismiss (Doc.

36) and a reply in support of his motion for reconsideration (Doc. 37). On August 16, 2013, Defendant King filed a supplemental reply brief in support of his motion to dismiss "to update the Court on new precedent that bears on the motion to dismiss," in particular the Ninth Circuit's decision in *United States v. Ermoian*, decided August 14, 2013, in which the court held that an FBI investigation is not an "official proceeding" under 18 U.S.C. § 1512(c)(2). (Doc. 38). The Court directed the Government to file a supplemental brief to address that authority, and gave Defendants the opportunity to file a reply to the Government's response. (*See* Doc. 39). The Government filed its supplemental brief on August 26, 2013 (Doc. 40), and Defendant King filed a supplemental reply on August 30, 2013 (Doc. 43).

Briefing is complete, and the undersigned now considers the merits of Defendants' motions.

## Discussion

## I.     Defendant King's Motion For Reconsideration (Doc. 31)

Defendant King objects to the Court's *sua sponte* extension of time for the Government to file its response to Defendant's motion to dismiss, as set forth in its June 28, 2013 Order (Doc. 29). Defendant contends that, because the Government failed to file its response by June 24, 2010 as required by the Court's June 10, 2013 Order (Doc. 22) or request an extension of time, and has not shown good cause for its failure, the Government has waived its objections to Defendant's motion

pursuant to FED. R. CRIM. P. 12(e).   (*See* Doc. 31 at 1-4; Doc. 37 at 1-6).
Defendant also points out that this Court's Local Rules provide that a failure to file
a response to a motion indicates a lack of opposition to the motion.  (Doc. 31 at 3;
*see also* LCrR 12.1B, NDGa. ).[2]

The Government asserts in response that it anticipated (correctly) that
Defendant Brown would also file a motion to dismiss, and the Government's
counsel "assumed that a briefing schedule for all three defendant's motions to
dismiss the indictment would be set once defendant Brown filed his motions."
(*See* Doc. 35 at 4).  Further, counsel mistakenly overlooked the Court's directive to
file the Government's response by June 24, 2013 due to counsel's preparation for
four scheduled trials.   (*Id.*).   The Government points out that the Court "has
considerable discretion in setting due dates for motions and responses to motions,"
and asserts that "[t]his is an appropriate case for the Court to exercise its discretion
[to] allow the Government sufficient time to file one response to all three
motions."  (*Id.* at 7-8).

The Court finds that it properly exercised its discretion to set a new briefing
schedule upon the filing of Defendant Brown's motion to dismiss in spite of the
Government's failure to file a response to Defendant King's and Defendant

---

[2] LCrR 12.1B provides, "A party's failure to file a response to a motion within
fourteen (14) days after being directed by the court to do so shall indicate that the
responding party has no opposition to the motion."

McDaniel's motions by June 24, 2013.[3]   As the Government points out, even if the Government had timely filed responses to Defendant King's and Defendant McDaniel's motions, the Court would not have considered those motions until after briefing was completed on all three motions, including Defendant Brown's later-filed motion to dismiss.  Thus, in the interest of preserving the Court's and the parties' resources, it was reasonable to provide an extension of time to allow the Government to file a consolidated response to Defendants' motions.

Defendant's concern over the Government's failure to comply with the Court's June 10, 2013 Order or to request an extension of time is understandable, and the Court shares that concern.[4]  As the Government points out, however, even if its counsel had taken note of the June 24th response deadline, counsel would have then requested, and likely been granted, an extension of time in order to file a

---

[3] FED. R. CRIM. P. 45 provides in relevant part:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>> (A) before the originally prescribed or previously extended time expires; or
>> (B) after the time expires if the party failed to act because of excusable neglect.

FED. R. CRIM. P. 45(b)(1).

[4] The Court expects the Government and its counsel to read all Orders and note deadlines set therein.  Further, the Government is cautioned that in the future, it should seek an extension of time *prior to* a Court deadline if it cannot meet that deadline.

consolidated response to all three motions due to counsel's trial preparation schedule.[5]  (Doc. 35 at 8).  Moreover, the extension of time for the Government to respond to Defendant King's and Defendant McDaniel's motion was short and caused Defendants no prejudice.  Thus, to refuse to consider the Government's response to Defendant King's motion, while considering it in response to Defendant McDaniel's[6] and Defendant Brown's motion, would be to elevate form over substance.  Defendant King has not shown why the Court should reconsider its modification of the briefing schedule to extend the time for the Government to file a response to all of the pending motions to dismiss, and therefore, Defendant King's motion for reconsideration is **DENIED**.

## II.   <u>Motions To Dismiss Indictment (Docs. 18, 21, 30)</u>

Defendants argue that the Indictment must be dismissed because it does not sufficiently allege a crime.  Specifically, all Defendants contend that the indictment fails to allege that they obstructed an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2), as that term is defined by 18 U.S.C. § 1515, because an FBI

---

[5] Defendant King "acknowledges that as a matter of professional courtesy had counsel for the Government asked for a reasonable extension in which to file the response he would have likely consented to the same," although "[i]t is unlikely that the undersigned would have consented to an extension of an additional 21 days without some reasonable cause."  (Doc. 31 at 3 n.1).

[6] Defendant McDaniel did not object to the Court's extension of the briefing schedule or to the Government's failure to file a response to his motion by June 24, 2013.

investigation is not an "official proceeding," and the grand jury investigation rested on the FBI investigation.   Defendants McDaniel and Brown also argue that the Indictment fails to allege that they engaged in conduct that violates § 1512(c)(2). (*See* Docs. 20, 28).

### A.   <u>Applicable Standards</u>

Federal Rule of Criminal Procedure 7 provides in relevant part:

> The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.   It need not contain a formal introduction or conclusion.   A count may incorporate by reference an allegation made in another count.   A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.   For each count, the indictment . . . must give the official or customary citation of the statute, rule, or regulation, or other provision of law that the defendant is alleged to have violated.

FED. R. CRIM. P. 7(c).   "[A]t any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense[.]"   FED. R. CRIM. P. 12(b)(3)(B).   "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes."   *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

### B.   <u>Does The Indictment Charge Obstruction Of An "Official Proceeding" Under 18 U.S.C. § 1512?</u>

#### 1.   <u>Is An FBI Investigation An "Official Proceeding" Under 18 U.S.C. § 1512?</u>

10

"In construing a statute, we first look to the plain language of the statute." *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998). "Words are interpreted with their ordinary and plain meaning because we assume that Congress uses words in a statute as they are commonly understood; we give each provision full effect." *Id.* "Review of legislative history is unnecessary unless a statute is inescapably ambiguous." *Id.* (quotation omitted). "Therefore, we deem the plain language of the statute to be conclusive as clearly expressing legislative intent, unless the resulting application would be 'absurd' or 'internal inconsistencies' must be resolved." *Id.*

The statute at issue, 18 U.S.C. § 1512 provides in relevant part:

Tampering with a witness, victim, or an informant

. . . .

(c) Whoever corruptly--
    (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). The statute defines "official proceeding" as:

(A) a proceeding before a judge or court of the United States, a United States magistrate [United States magistrate judge], a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of

the Tax Court, a judge of the United States Claims Court [United States Court of Federal Claims], or a Federal grand jury;

(B)  a proceeding before Congress;

(C)  a proceeding before a Federal Government agency which is authorized by law; or

(D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

18 U.S.C. § 1515(a)(1)(A)-(D).  An FBI investigation is clearly not a "proceeding" as contemplated by parts (A), (B), or (D), and therefore, the Court must determine whether an FBI investigation is "a proceeding before a Federal Government agency which is authorized by law."  18 U.S.C. § 1515(a)(1)(C).

The parties cite, and the undersigned has reviewed, Eleventh Circuit authority and cases outside this circuit for guidance in determining whether a federal criminal investigation, such as an FBI investigation, is an "official proceeding" under § 1512(c)(2).  No decision by the Eleventh Circuit Court of Appeals is directly on point, and the courts that have considered the issue are divided.  The weight of that authority, however, supports a conclusion that such investigations are not "official proceedings" as defined in 18 U.S.C. § 1515(a)(1).

First, the undersigned reviews the scarce, but illuminating, authority in the Eleventh Circuit on this issue. The Government relies chiefly on *United States v. Townsend*, 630 F.3d 1003 (11th Cir. 2001) to support its position that a federal investigation is an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2).

(*See* Doc. 33 at 4-8).   In *Townsend*, the court rejected the defendant's argument that the evidence presented to the jury did not support her conviction for obstruction of justice under 18 U.S.C. § 1512(c)(2).   *Townsend*, 630 F.3d at 1013-15.   The court found that the "instructions to the jury permitted the jury to base a conviction under this count on Townsend's warning calls to" her probationer about impending search warrants as part of a narcotics investigation.   *Id.* at 1014.   The district court instructed the jury:

> Under Count 4 the defendant can be found guilty of that offense [18 U.S.C. § 1512(c)] only if all the following facts are proved beyond a reasonable doubt[:]
>
> > First, that there was an *official proceeding, that is, a criminal investigation of federal offenses* involving Umberto Febles and others[;]
> > Second, that the defendant engaged in conduct which constituted a substantial step towards the commission of the crime of obstruction of an official proceeding[;]
> > Third, that the defendant acted corruptly[;]
> > Four that the natural and probable effect of the defendant's conduct would be the interference with the due administration of justice.

*Id.* at 1014-15 n.8 (emphasis added).   The court in *Townsend* noted that the defendant "did not object to those instructions when they were given, and she has not attempted to challenge them before this Court."   *Id.* at 1015.   The court then found that in light of the evidence presented at trial, "the jury reasonably could have found beyond a reasonable doubt that all of the elements of the offense existed:

(1)  that the narcotics investigation targeting Febles was an official proceeding; (2) that Townsend warned Febles of the searches, thereby obstructing or impeding that investigation; (3) that Townsend acted corruptly in light of the timing of her phone calls to Febles and the apparently fabricated reason she gave for Febles' absence --
that he was at a nonexistent driver's license bureau; and (4) that the natural and probable effect of her warning to Febles was interference with the due administration of justice.

*Id*.

The Government contends that by upholding the defendant's conviction in *Townsend*, the court must have determined that the DEA investigation was an "official proceeding" for purposes of § 1512(c)(2), and that *Townsend* "is controlling on this Court."  (Doc. 33 at 8-9).  The undersigned disagrees.  The court in *Townsend* did not squarely address the issue of whether a federal investigation, such as the FBI investigation in this case, is an "official proceeding" under § 1512(c)(2).  Instead, the court found that, given the unobjected-to jury instructions, the evidence was sufficient for the jury to convict the defendant.  The court specifically noted that the defendant did not object to the jury charge defining an official proceeding as "a criminal investigation of federal offenses," or challenge those instructions on appeal.  *Townsend*, 630 F.3d at 1014-15 and n.8.

The Government argues that a "jurisdictional defect such as the failure of the indictment to state a federal crime . . . may be recognized *sua sponte* by either the district court or the appellate court," and therefore, "[i]f the Eleventh Circuit concluded that a DEA investigation was not an 'official proceeding' under Section

14

1512(c)(2), then the Court *sua sponte* would have concluded that the defendant was not charged with a crime, and neither the district court nor the appellate court had jurisdiction." (Doc. 33 at 7-8). Accepting that argument invites, and requires, significant speculation. The *Townsend* decision contains no indication that the court considered whether a federal criminal investigation meets the statutory definition of an "official proceeding." Given the defendant's failure to object to the definition or to raise the issue on appeal, the court's silence on the issue is understandable. The undersigned finds that the Government reads too much into the *Townsend* decision, and while arguably persuasive, it does not control the outcome of this case. Further, given its lack of analysis on the issue of whether a federal investigation is an "official proceeding," the undersigned questions the *Townsend* decision's utility in answering this question. Moreover, other authority from this circuit supports a conclusion that a federal law enforcement investigation is *not* an "official proceeding" under § 1512.

In *United States v. Ronda*, 455 F.3d 1273 (11th Cir. 2006), the court considered another provision of 18 U.S.C. § 1512—§1512(b)(3)—which does not require obstruction of an "official proceeding." The court rejected the defendants' attempt to graft the "official proceeding" requirement onto § 1512(b)(3), noting that "[u]nlike § 1512(b)(2), § 1512(b)(3) makes no mention of 'an official proceeding' and does not require that a defendant's misleading conduct relate in

any way *either to an 'official proceeding' or even to a particular ongoing investigation*." *Id.* at 1288 (emphases added).  The court further observed that in its decision in *Veal*, it "correctly emphasized that § 1512(b)(3) does not require that a *federal investigation be initiated nor that an official proceeding be ongoing*." *Id.* (emphases added).  These selections suggest that the Eleventh Circuit distinguishes federal investigations from "official proceedings" for purposes of § 1512.

Another district court case in this circuit has been more direct in holding that federal investigations are not "official proceedings" under § 1512.  In *United States v. Dunn*, 434 F. Supp. 2d 1203 (M.D. Ala. 2006), the court observed that, to resolve the defendant's objection to a recommended sentencing enhancement based on his alleged obstruction of justice in violation of § 1512(c), the court was required to "consider a matter of first impression in the Eleventh Circuit Court of Appeals regarding when a defendant has obstructed justice under 18 U.S.C. § 1512(c)." *Id.* at 1205.  Specifically, the court considered whether defendant's alleged obstruction of an ATF investigation was an obstruction of an "official proceeding" as required by that statute; the court found that it was not. *Id.* at 1209. The court explained:

> The definition of "official proceeding" in § 1515(a)(1) does not expressly include criminal investigations.  Nonetheless, the government suggests that the ATF investigation, standing alone, is an "official proceeding" because it is a "proceeding before a Federal

Government agency," 18 U.S.C. § 1515(a)(1)(C).  This court has not
identified a single case that supports this contention.  More
importantly, it is clear that "a proceeding before a Federal
Government agency which is authorized by law," 18 U.S.C. §
1515(a)(1)(C), refers to hearings, or something procedurally similar,
held before federal agencies.  Not only does the common and ordinary
understanding of "proceeding" connote a hearing, *see Black's Law
Dictionary* 1221 (7th Ed. 1999) (defining "proceeding" as a hearing or
any procedural means of seeking redress from a tribunal or agency),
but the term "proceeding" is used throughout § 1515(a)(1) to describe
events that are best thought of as hearings (or something akin to
hearings): for example, federal court cases, grand jury testimony,
Congressional testimony, and insurance regulatory hearings, 18
U.S.C. § 1515(a)(1)(A), (B), & (D).

*Id.* at 1207 (footnote omitted).  The court rejected the government's argument "that

Congress intended the broadest possible construction of 'official proceeding,' one

broad enough to include an investigation within its meaning," reasoning that,

"[a]lthough Congress wrote the obstruction statute to cover conduct that precedes

the institution of an 'official proceeding,' this does not change the fact that

Congress defined 'official proceeding' using terms that are inconsistent with an

investigation."  *Id.* at 1208.  The court aptly observed, "Had Congress intended for

an investigation, standing alone, to be an 'official proceeding,' it could easily have

included 'investigations into violations of the federal criminal statutes' among the

definitions in § 1515(a)(1)."  *Id.*  Consistent with that last point, the undersigned

notes that Congress has prohibited obstruction of *investigations* in other statutes.

*See, e.g.*, 18 U.S.C. § 1510 ("Obstruction of criminal investigations"); 18 U.S.C. §

1518 ("Obstruction of criminal investigations of health care offenses"); 18 U.S.C.

17

§ 1519 ("Destruction, alteration, or falsification of records in Federal investigations and bankruptcy").  The fact that Congress did not include federal criminal investigations in its definition of "official proceedings" in § 1515 supports a finding that an FBI investigation is not an "official proceeding" for purposes of § 1512.

Other district courts in the circuit have reached the same conclusion as *Dunn.*  In *United States v. Peterson*, 544 F. Supp. 2d 1363 (M.D. Ga. 2008), the court also granted a defendant's motion to dismiss the § 1512(c)(2) count, which was apparently based on the alleged obstruction of a "federal investigation."  The court found that a federal investigation is not an "official proceeding" as defined by § 1515(a)(1), and the indictment failed to otherwise specify an "official proceeding."  *Id.* at 1376-77.  In finding that a federal investigation is not an official proceeding, the court cited the *Dunn* case and "agree[d] with the court's reasoning in *Dunn*," i.e., "that the investigation was not an official proceeding because the common and ordinary understanding of the word 'proceeding' connotes a hearing."  *Id.* at 1376.  The government then filed a superseding indictment against Peterson alleging that he had obstructed an official proceeding in violation of 18 U.S.C. § 1512(c)(2) by obstructing a wiretap investigation.  *See United States v. Peterson*, 627 F. Supp. 2d 1359 (M.D. Ga. 2008).  The court again wrote, "[a] federal law enforcement agency investigation is not an official

proceeding" as defined by § 1515(a)(1).  *Id.* at 1369 (citing *Dunn* and *United States v. Ramos*, 537 F.3d 439 (5th Cir. 2008)).   The court then found that a wiretap investigation was not an "official proceeding" under 18 U.S.C. § 1512(c)(2) and granted the defendant's motion to dismiss that count of the indictment.  *Id.* at 1370, 1374.

Case law from other circuits is mixed on this question.  *See United States v. Perez*, 575 F.3d 164, 168 (2d Cir. 2009) (noting conflict of authority on whether federal agency investigations constitute "official proceedings" as defined in § 1515).[7]   The Government cites to two out-of-circuit cases, *United States v. Gonzalez*, 922 F.2d 1044 (2nd Cir. 1991) and *United States v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994) to support its contention that an FBI investigation is an "official proceeding" under § 1512.  (Doc. 33 at 12).[8]  In *Gonzalez*, the court considered the

---

[7] In *Perez*, the court found that "[w]hether or not agency investigations in general can satisfy the 'official proceeding' element of subsection 1512(c)(1), . . . the particular procedures required by the [Bureau of Prison's] Use of Force Program Statement suffice to support a conviction under that subsection," noting that the Statement "contemplates more than a preliminary investigation; it sets forth a detailed process of review and decision-making" by a "review panel of senior officials."  575 F.3d at 169.

[8] The Government also cites *United States v. Ahrensfield*, 698 F.3d 1310 (10th Cir. 2012) for the proposition that by rejecting the defendant's sufficiency of the evidence claim, the court "impliedly [found] that an FBI investigation is an 'official proceeding' under Section 1512(c)(2)."  (Doc. 33 at 9).  The undersigned disagrees.  In *Ahrensfield*, the defendant disclosed the existence of an undercover FBI investigation to one of the targets of the investigation, and was charged with, among other things, obstruction in violation of § 1512(c)(2).  698 F.3d at 1313, 1316.  Contrary to the Government's assertion that the charge was based on the

venue provision for 18 U.S.C. § 1512(h) (now 18 U.S.C. § 1512(i)), which

authorizes venue "in the district in which the official proceeding . . . was intended

to be affected or in the district in which the conduct constituting the alleged

offense occurred."   The court found that venue was proper where the DEA

investigation occurred, thus indicating that the court found that a DEA

investigation is an "official proceeding," at least for determining venue.  *See*  922

F.2d at 1056.  Aside from the fact that the court's holding in *Gonzalez* related to

venue, and not the definition of "official proceeding" for purposes of the

substantive provisions of § 1512, subsequent Second Circuit authority calls the

Government's reliance on *Gonzalez* into question.  In *United States v. Gabriel*, 125

F.3d 89 (2d Cir. 1997), the court wrote:

> We note that although not argued by Gabriel, the jury also reasonably
> could have concluded that Gabriel's sole intent was to interfere with
> the FBI investigation, and if the jury had so concluded, it would have
> been compelled to find Gabriel innocent.  *See* 18 U.S.C. § 1512(b)(1)
> (prohibiting only interference with "official proceedings"); *id.* §
> 1515(a)(1) (defining "official proceeding" and not including
> government investigations).  However, the jury reasonably could have
> concluded that Gabriel was more concerned about the grand jury

---

defendant's obstruction of the investigation, the court explained that "[t]he
obstruction of justice charge was based on Defendant's obstruction or attempted
obstruction of the *anticipated federal grand jury proceedings* that would have been
used in connection with the undercover investigation."   *Id.* at 1316 (emphasis
added).  Thus, the "official proceedings" that defendant obstructed were the grand
jury proceedings, which is a category of proceedings listed in the definition of
"official proceedings," *see* 18 U.S.C. § 1515(a)(1)(A), not the undercover
investigation itself.

20

investigation, and that therefore, Gabriel acted, at least in part, to interfere with that investigation.

*Id.* at 105 n.13.

In *Kelley*, the other out-of-circuit case relied on heavily by the Government, the court found that an investigation conducted by the Office of Inspector General ("OIG") for the United States Agency for International Development ("AID") was a "proceeding" under both 18 U.S.C. § 1505 and 18 U.S.C. § 1512.  36 F.3d at 1127-28.  In finding the OIG investigation to be a "proceeding" under § 1505, the court noted that investigations held to be "proceedings" under § 1505 "typically have involved agencies with some adjudicative power, or with the power to enhance their investigations through the issuance of subpoenas or warrants."  *Id.* at 1127.  Because the OIG "is empowered to issue subpoenas and to compel sworn testimony in conjunction with an investigation of agency activities," the court found that it was a "proceeding" within the meaning of § 1505.  *Id.*  The court also assumed that the OIG investigation was a "proceeding" for purposes of § 1512 and upheld the defendant's conviction on that count.  *Id.* at 1128.  The court wrote:

> We need not decide whether "proceeding" has the same meaning in both § 1505 and § 1512, since the parties agree that a parallel should be drawn between the two sections.  For the purposes of this discussion, therefore, we assume that the AID Inspector General's investigation was a proceeding under § 1512 as well as § 1505.

*Id.*  Therefore, it appears that the court did not actually find that the investigation was an "official proceeding" for purposes of § 1512, but rather simply *assumed* it

21

was by virtue of the parties' representations.  Furthermore, to the extent that it did make that finding, the basis for that finding is unclear.  It appears that the court adopted its rationale for finding the investigation to be a "proceeding" under § 1505, in which case, the decision does not support the Government's claim that an FBI investigation is an "official proceeding" because as the court in *Kelley* wrote, "For an investigation to be considered a proceeding, . . . it must be more than a mere police investigation."  36 F.3d at 1127.

A few district courts have also found that federal investigations are "official proceedings" under § 1512, however because they generally rely on *Gonzalez* and *Kelley*, the undersigned does not find them persuasive.  *See, e.g.*, *United States v. Plaskett*, No. 2007-60, 2008 U.S. Dist. LEXIS 62944, at *12 n.2 (D. V.I. Aug. 13, 2008) (citing *Gonzalez* and *Kelley* and rejecting the defendant's argument that a "federal agency investigation does not constitute an official proceeding under Section 1512(c)(2)"); *United States v. Hutcherson*, No. 6:05CR00039, 2006 U.S. Dist. LEXIS 48708, at *6-7 (W.D. Va. July 5, 2006) (citing *Gonzalez* and *Kelley* and finding that "[g]overnment agency actions, such as the FBI investigation of the defendant, are 'official proceedings" under Section 1512, whether or not a grand jury has been convened because Congress intended to deter obstruction of more than judicial proceedings with Section 1512"); *see also United States v. Holland*, No. 1:08CR00054, 2009 U.S. Dist. LEXIS 45253, at *10 n.2 (W.D. Va. May 29,

2009) ("Obstruction of an official proceeding under 18 U.S.C.A. § 1512(c) includes obstruction of an agency investigation" (citing *Hutcherson*)).

The weight of contrary out-of-circuit authority, however, provides persuasive support for concluding that an FBI investigation is not an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2). Most recently, in *United States v. Ermoian*, Nos. 11-10124, 11-10388, 2013 U.S. App. LEXIS 16836 (9th Cir. Aug. 14, 2013)[9], the Ninth Circuit held that an FBI investigation is not an "official proceeding" for purposes of 18 U.S.C. § 1512.  The court found that "the

---

[9] The court amended its decision on August 28, 2013 in order to "add 'and resentence Johnson' after the word 'charges' and before the period."  *See United States v. Ermoian*, 2013 U.S. App. LEXIS 17949, at *2 (9th Cir. Aug. 28, 2013).  However, in both the LEXIS and Westlaw versions of that amended decision, a significant portion of the text from the original version of the decision has been inexplicably omitted.  (*Compare Ermoian*, 2013 U.S. App. LEXIS 16836, at *16-17 and n.5 *with Ermoian*, 2013 U.S. App. LEXIS 17949, at *16-17 and n.5).  That omission has resulted in, as the Government correctly characterizes it, a "nonsensical quote" in the amended decision:

> In short, a criminal investigation does not occur
> [significant blank space]
> parties.  *Kelley*, 36 at 1128. This assumption carries no weight.

(*See* Doc. 40 at 5 n.2; *Ermoian*, 2013 U.S. App. LEXIS 17949, at *16).  In the original decision, however, the court wrote, "In short, a criminal investigation does not occur 'before a Federal Government agency' like a hearing or a trial might; it is conducted 'by' the agency in the field."  2013 U.S. App. LEXIS 16836, at *16.  Then later in distinguishing the *Kelley* decision, the court noted that the *Kelley* court assumed that the AID Inspector General's investigation was a proceeding under § 1512, and wrote, "This assumption carries no persuasive weight."  *Id.* at *16-17 n. 5.  It is obvious that the amended decision mistakenly omitted the text between the words "occur" and "parties," and to avoid confusion, the undersigned refers to the Ninth Circuit's original decision.

broader statutory context makes entirely plain: an 'official proceeding' does not include a criminal investigation." *Id.* at *15. The court explained:

> Examining the term 'proceeding' within the grammatical structure of the definition at issue, it becomes clear that the term connotes some type of formal hearing. That statute refers to proceedings 'before a Federal Government agency'—a choice of phrase that would be odd if it were referring to criminal investigations. *Id.* The use of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal . . . . In short, a criminal investigation does not occur 'before a Federal Government agency' like a hearing or trial might; it is conducted 'by' the agency in the field.

*Id.* at *15-16. The court distinguished *Kelley* and *Gonzalez*, two of the cases the Government relies on in this case, and found their reasoning to be unpersuasive. *Id.* at *16-17 n.5. Instead, the court found the Fifth Circuit's decision in *United States v. Ramos*, 537 F.3d 439 (5th Cir. 2008) "to be far more persuasive and relevant for our purposes." *Id.* at *18. The undersigned agrees.

In *Ramos*, the Fifth Circuit held that the Border Patrol's internal investigation of employee misconduct was not an "official proceeding" within the meaning of § 1512 and therefore vacated the defendant's convictions for obstruction under 18 U.S.C. § 1512(c)(1) and (2). 537 F.3d at 460-64. The court rejected the Government's reliance on *Gonzalez* and *Kelley*, for the same reasons the undersigned finds them to be inapposite. *Id.* at 463 n.17.[10] The court

---

[10] The court noted, as did the undersigned, that the decision in *Kelley* "is actually supportive of our holding" in that the court in *Kelley* found the investigation in that case to be "more than a mere police investigation." 537 F.3d at 463 n.17.

acknowledged that the word "proceeding" "broadly defined and standing alone, encompasses meanings that could support its construal as either an investigation or as a hearing." *Id.* at 462 (citing *Black's Law Dictionary* 1241 (8th ed. 2004)). The court found, however, that the definition's use of the preposition " 'before' in connection with the term 'Federal Government agency,' . . . implies that an 'official proceeding' involves some formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency." *Id.* at 462-63. The court also observed that " 'official proceeding' is consistently used throughout § 1512 in a manner that contemplates a formal environment in which persons are called to appear or produce documents." *Id.* at 463 (citing §§ 1512(a)(1)(A) & (a)(2)(A)). "Thus," the court found, "in all the instances in which the term 'official proceeding' is actually used in § 1512, its sense is that of a hearing rather than simply an investigatory step taken by an agency." *Id.*

The Fifth and Ninth Circuits' discussions and holdings are consistent with several other out-of-circuit cases. For example, in *United States v. Simpson*, No. 3:09-CR-249-D(06), 2011 U.S. Dist. LEXIS 76881 (N.D. Tex. July 15, 2011), the court granted the defendant's motion to dismiss a count based on 18 U.S.C. § 1512(c)(1) for defendant's alleged obstruction of an FBI investigation, finding that an FBI investigation is not an "official proceeding" under that statute. *Id.* at *99.

The court rejected the government's reliance on *United States v. Hutcherson*, cited above, because the court in *Hutcherson* relied on *Kelley* and *Gonzalez*, cases which the court in *Ramos* found inapposite, *id.* at *89, as does the undersigned. *See also United States v. Phillips*, 583 F.3d 1261, 1263 (10th Cir. 2009) (noting that the district court had "determined that a DEA investigation is not an official proceeding under" § 1512(c)(2)"); *United States v. Binette*, 828 F. Supp. 2d 402, 403-05 (D. Mass. 2011) (finding *Ramos* case persuasive, noting that the cases the government cited, including *Kelley*, "involve[d] the pre-Enron language of an earlier version of Section 1512" and involved investigations with "far more indicia of formality," and granting defendant's motion to dismiss 18 U.S.C. § 1512(c)(2) count because a preliminary SEC investigation is not an "official proceeding" under that statute); *United States v. Tam Ho*, No. 08-00337 JMS, 2009 U.S. Dist. LEXIS 73763, at *17-18 (D. Haw. Aug. 20, 2009) (noting that "the cases cited by Defendant support the unextraordinary proposition that to violate § 1512(b)(1), the defendant must have foreseen an official proceeding and not a mere investigation" (citing *Ramos*, *Gabriel*, and *Dunn*)).

Moreover, the reasoning and holdings in these cases are consistent with this circuit's district court cases that have squarely decided this issue, i.e., *Dunn* and *Peterson* discussed above, as well as the undersigned's reading of 18 U.S.C. § 1512 and the definition of "official proceeding" provided in 18 U.S.C. § 1515.

Accordingly, the undersigned finds that an FBI investigation is not an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2), and therefore it is **RECOMMENDED** that Defendants' motions to dismiss Count Two of the Indictment be **GRANTED**, and that Count Two be **DISMISSED**.  Furthermore, it is **RECOMMENDED** that Defendants' motion to dismiss Count One be **GRANTED in part** with respect to the first object of the conspiracy, i.e., to violate 18 U.S.C. § 1512(c)(2) by obstructing, influencing, and impeding an FBI investigation.

### 2.   Is A Grand Jury Investigation An "Official Proceeding" Under 18 U.S.C. § 1512?

Defendants contend that Counts One and Three, to the extent those counts rely on the alleged obstruction of a grand jury investigation, should also be dismissed because the grand jury investigation "rests upon an 'FBI investigation,' " which, as discussed above, is not an "official proceeding" under 18 U.S.C. § 1512(c)(2).  (*See* Doc. 18 at 9; *see also* Doc. 36 at 8-9).   The undersigned disagrees.  18 U.S.C. § 1515(a)(1)(A) clearly defines an "official proceeding" as "a proceeding before . . . a Federal grand jury"; *see also United States v. Mintmire*, 507 F.3d 1273, 1290 (11th Cir. 2007) ("[We have no hesitation in concluding that the jury was presented with ample evidence from which it could find that Mintmire violated § 1512(c)(2) by attempting to obstruct a grand jury investigation.");

27

*United States v. Misla-Aldarondo*, 478 F.3d 52, 69 n.14 (1st Cir. 2007) ("An 'official proceeding' includes federal trials and federal grand jury investigations").

Furthermore, courts have repeatedly upheld convictions for obstruction of grand jury investigations, even where the conduct arguably also obstructed a federal law enforcement investigation. *See, e.g.*, *United States v. Mann*, 685 F.3d 714, 722 (8th Cir. 2012) (affirming conviction under § 1512(c)(2) for obstruction of grand jury investigation by removing items from office in anticipation of an ATF search); *Phillips*, 583 F.3d at 1262-65 (affirming conviction under § 1512(c)(2) for obstruction of grand jury investigation by revealing the identity of an undercover officer to the subject of DEA and grand jury investigations)[11]; *Gabriel*, 125 F.3d at 105 and n.13 (finding that jury could have reasonably found that the defendant's actions interfered with a grand jury investigation in violation of § 1512(b)(1), regardless of whether his actions were intended to interfere with an FBI investigation, which would not support a conviction because an FBI investigation is not an "official proceeding" under § 1512); *Simpson*, 2011 U.S. Dist. LEXIS 76881, at *98-99 (noting that "[t]he fruits of the FBI investigation may have *led* to an official proceeding like the grand jury investigation or the instant criminal case," and emphasizing that the court "does not hold that

---

[11] As noted above, the court in *Phillips* observed that the district court had determined that the underlying DEA investigation was not an "official proceeding" under § 1512(c)(2).  583 F.3d at 1263.

interference with an FBI investigation can *never* be charged as part of a properly charged offense" so long as the FBI investigation itself is not charged as the official proceeding).

The procedural history in the *Peterson* case also undermines Defendants' position.  In *Peterson* I, 544 F. Supp. 2d at 1376, and *Peterson* II, 627 F. Supp. 2d at 1369, the court observed that while the defendant's alleged obstruction of an ATF investigation, i.e., the defendant's identification of a confidential informant, "could have obstructed an official proceeding," the indictment failed to identify that proceeding, and the superseding indictment improperly named the ATF investigation as the official proceeding.  The government later filed a second superseding indictment against Peterson in which it identified the relevant "official proceeding" as "grand jury proceedings," and the court denied the defendant's motion to dismiss the § 1512(c)(2) count, finding that the indictment set forth sufficient factual detail to charge a violation of § 1512.  *See United States v. Peterson*, No. 7:07-CR-34-HL, 2008 U.S. Dist. LEXIS 80955 (M.D. Ga. Sept. 5, 2008).

Therefore, while the obstruction of the federal criminal investigation standing alone does not satisfy § 1512(c)(2)'s requirement that a defendant obstruct an "official proceeding," the same alleged obstruction may support a charge under that section for obstructing a grand jury investigation.  Accordingly,

to the extent that Defendants' motions to dismiss rest on their contention that the indictment does not allege the obstruction of an official proceeding through the alleged obstruction of a federal grand jury investigation, their motions fail.

### C.      Does The Indictment Otherwise Sufficiently Allege A Crime?

Defendants McDaniel and Brown also contend that the indictment should be dismissed because it is vague and fails to sufficiently allege the conduct they engaged in which supports charges based on 18 U.S.C. § 1512(c)(2).  (*See* Docs. 20, 28).   The chief complaints are that the indictment fails to describe with particularity the official proceedings that Defendants allegedly obstructed, how the obstruction occurred, and fails to allege that they had knowledge of the proceedings and intended to obstruct them, or that there is a nexus between their acts and the obstruction of a particular proceeding.  (*See id.*).

"When analyzing such challenges, [the court] give[s] the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations."  *United States v. McGarity*, 669 F.3d 1218, 1235 (11th Cir. 2012) (quotation omitted).   "Such a common sense construction is satisfied through consideration of three factors:

> whether the indictment 1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.

30

*Id.* (quotation omitted).   "Even when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."   *Id.* (quotation omitted).

Defendants' arguments at this stage prematurely "conflate[] pleading with proof."   *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D. D.C. 2009) (quotation omitted).   "Essentially, Defendant[s are] challenging the sufficiency of the evidence, arguing that [the Government] lacks adequate evidence to establish a violation of the statute."   *United States v. Chambers*, No. CR-06-151-C, 2006 U.S. Dist. LEXIS 72173, at *2 (W.D. Okla. Oct. 2, 2006).   The undersigned finds that the Indictment sets forth the essential elements of the charged offenses and provides sufficient factual support to withstand Defendants' motions to dismiss.

The Indictment tracks the language of § 1512(c)(2) and identifies the "official proceedings" Defendants allegedly obstructed, i.e., including "a federal grand jury investigation into criminal offenses investigated by the FBI, said FBI investigation involving D.B.S. acting as an undercover informant and Michael Griffin, a/k/a "Griff," a law enforcement officer, acting in an undercover capacity." Further, the Indictment alleges that Defendants "did knowingly and intentionally" conspire to violate 18 U.S.C. § 1512(c)(2) (Count One), and alleges that they "corruptedly [sic] obstruct[ed], influence[d], and impede[d]" and "did attempt to

corruptedly [sic] obstruct, influence, and impede, an official proceeding," which proceedings are then described.   (*See* Counts Two, Three).   Moreover, the Indictment describes the conduct that allegedly violated the statute, i.e., upon learning that a federal agent had infiltrated Defendants' motorcycle club, Defendants shut down the club and collected paraphernalia related to the club. Thus, the Indictment adequately presents the essential elements of the alleged offenses and sufficiently places Defendants on notice of the charges against them. Whether the Government can prove these allegations or prove that Defendants committed these acts with the requisite intent are issues for the jury at trial.

Accordingly, it is **RECOMMENDED** that Defendants' motions to dismiss be **DENIED** as to Count Three and Count One, to the extent that Count One alleges as an object of the charged conspiracy Defendants' obstruction of a federal grand jury investigation in violation of 18 U.S.C. 1512(c)(2).

## Conclusion

Defendant King's motion for reconsideration (Doc. 31) is **DENIED**.  It is **RECOMMENDED** that Defendants' motions to dismiss Count Two be **GRANTED** and that their motions to dismiss Count One be **GRANTED IN PART**, i.e., to the extent that Count One alleges as an object of the charged

conspiracy Defendants' obstruction of an FBI investigation in violation of 18 U.S.C. 1512(c)(2).  It is further **RECOMMENDED** that Defendants' motions to dismiss Count Three be **DENIED**, and their motions to dismiss Count One be **DENIED IN PART**, i.e., to the extent that Count One alleges as an object of the charged conspiracy Defendants' obstruction of a federal grand jury investigation in violation of 18 U.S.C. 1512(c)(2).

It is further **ORDERED** that subject to a ruling by the District Judge on any objections to orders or recommendations of the undersigned Magistrate Judge, this case is **certified ready for trial**.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 1st day of October, 2013.

    /s/  J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge